THE LA FAYETTE COUNTY MONUMENT CORPORATION, Respondent, vs. RYLAND and another, Appellants. ·

*May 6 — June 3, 1891.*

*Contracts: Subscription: Unauthorized release by trustee.*

An offer, made by an individual to a county board, to pay to a corporation organized for that purpose the sum of $1,000 towards the erection of a soldiers' monument, on condition that the county raise and pay to said corporation $2,000 for the same purpose, became a binding contract upon acceptance of the offer and fulfilment of the condition by the county; and the said corporation had no power thereafter, without consent of the county, to release the said individual from payment of said sum, or to agree to other conditions, a breach of which should relieve him from his obligation. ·

APPEAL from the Circuit Court for *Grant* County.

The action is upon the undertaking given on the appeal to this court ·in *La Fayette Co. Monument Corp. v. Magoon,* ·73 Wis. 627. The appeal was taken by Magoon. *George W. Ryland* and *C. H. Baxter,* the defendants in this action, are the sureties in such undertaking, which is to the effect that Magoon would pay all costs and damages which might be awarded against him on such appeal, and if the judgment should be affirmed that he would also pay the amount of the judgment appealed from. The judgment was affirmed by this court, and no part thereof has been paid.

The original action was brought on a dishonored bank check of Magoon, dated April 6, 1887, received by the monument corporation in payment of $1,000, which, under an agreement between him and the county board of supervisors of La Fayette county, he agreed to pay such corporation (not then organized) towards the cost of erecting a monument to the deceased soldiers and sailors of that · county. The basis of such agreement was a communication to the county board, bearing date January 8, 1885, in which

Magoon agreed to pay such organization that sum if the county would raise by tax and pay to the organization $2,000 within two years for a like purpose. The county board at once accepted such proposition. A corporation to receive such subscriptions and to erect the proposed monument (which corporation is the present plaintiff and was the plaintiff in the original action) was duly organized in November, 1885, and Magoon became its president. Within two years after January 8, 1885, the county raised the required amount by tax, paid it over to the corporation, and notified Magoon that it had done so.

On April 6, 1887, the corporation and Magoon entered into an agreement in and by which they attempted to impose on the corporation conditions not contained in the agreement between Magoon and the county, which, if not performed, would entitle Magoon to a return of the $1,000, for which he gave the check upon which the original action was brought. This agreement, and Magoon's proposition to the board of supervisors, are fully set out in the report of the case in 73 Wis. 627. The judgment therein against Magoon was affirmed for the reason that when it was rendered there had been no default in the performance of such conditions on the part of the corporation. Whether those conditions were valid and binding was left an open question.

In the present case facts are alleged in the complaint showing a cause of action against the defendants on the undertaking in suit. The defendants interposed a counterclaim to the complaint, alleging certain breaches of the conditions in the agreement of April 6, 1887, and claiming that such breaches invalidate the judgment against Magoon. They also offered to pay the costs in the original action, both in the circuit and this court, and interest thereon, and the costs of the present action to the time their answer was served.

The La Fayette County Monument Corporation vs. Ryland and another.

The plaintiff filed and, served a reply to such counterclaim, substantially admitting some of the breaches alleged, and charging that the plaintiff was · prevented from performing the agreement of April 6th by the acts of Magoon therein stated.

Defendants interposed a general demurrer to such reply, which was overruled by the court on the grounds stated in the following opinion of the circuit judge: " I am of the opinion that the proposition made by Mr. Magoon to the county that if it would raise by tax $2,000 for the monument fund he would then pay $1,000 into that fund, and the acceptance of that proposition by the county, and its fulfilment by the county, constituted a binding obligation upon Mr. Magoon, from which he was not in any way relieved by the subsequent arrangement he made with the monument association. My determination upon this demurrer is mainly the result of that opinion. In determining this question I have considered the sufficiency of the counterclaim as well as of the reply."

This appeal is by the defendants from the order overruling the demurrer to the reply.

For the appellants there was a brief by *A. R. Bushnell* and *J. T. Mills*, and one by *Bushnell & Watkins* and *J. T. Mills*, and the cause was argued orally by *Mr. Mills* and *Mr. Bushnell*.

For the respondent there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*.

Lyon, J. The learned circuit judge applied the rule that a demurrer to a pleading must be determined against the party who interposed the first defective pleading; hence he did not definitely pass upon the sufficiency of the reply to defendants' counterclaim to which the demurrer was interposed, but held that the counterclaim was insufficient, and thereupon overruled the demurrer. The counterclaim

alleges facts which, it is claimed, demonstrate that certain conditions subsequent, essential to the validity of the judgment in the action of the monument association against Magoon. have been broken since that judgment was rendered, and that by reason thereof the judgment has ceased to be valid against Magoon while living, or his estate since his death.  Such conditions subsequent are contained in the agreement of April 6, 1887, between the monument corporation and Magoon.  While it may well be doubted whether such judgment can be attacked on that ground in this collateral action, which certainly is not the procedure indicated in the opinion in the original case, yet, inasmuch as the circuit court decided the demurrer on the merits of the counterclaim, without regard to the regularity or irregularity of the procedure, the same course will be pursued here.  It will be assumed that the defendants, who are sureties for the payment of such judgment, may attack its present validity and binding force in the same manner and to the same extent that Magoon when living, or his representatives since his decease, might have done.  The question is, therefore, Was it competent for the monument corporation, without the consent of the county, to impose upon itself conditions subsequent, a breach of which would relieve Magoon from the obligation of his agreement with the county, or rather from liability on the judgment recovered against him' on such agreement before such breaches occurred?

The proposition of January 8, 1885, made by Magoon to the board of supervisors of La Fayette county, and accepted by the board, constituted a valid contract between Magoon and the county.  It contained conditions precedent to be performed by the county, which were afterwards performed by it in every particular.  It may be that before such performance Magoon might have disaffirmed the contract, but he did not do so, and the performance of the

conditions by the county constituted a valid, executed consideration for Magoon's promise therein contained to pay the $1,000 to the corporation. The county has never consented that any other conditions might be inserted in the contract. Under this contract the monument corporation became the trustee of the parties thereto to receive the money which each should pay to aid in the erection of the monument, and to erect the same. The power of the trustee to locate the monument, and to determine the plans and specifications thereof, and the time and manner of its erection, may fairly be implied. But the parties did not confer upon it, either expressly or by reasonable implication, authority to create conditions subsequent, without the consent of the county, to be performed by the trustee, a breach of which would relieve Magoon from the obligation of his contract with the county, or from liability upon the judgment recovered against him for nonperformance thereof. Magoon was a subscriber to the monument fund in the sum of $1,000, which he was legally liable to pay, and which the county had the right to insist he should pay. The directors or managers of the monument corporation had no general power, without the consent of the county, to release him from the payment of his subscription, or to make any arrangement with him by which the benefits of his subscription would be lost. This is a well-settled limitation on the general powers of directors of stock corporations, enforced as well for the protection of the stockholders who have paid their subscriptions on the faith of the subscriptions of others, as upon considerations of public policy. Ang. & A. Corp. sec. 523; Boone, Corp. § 141; Beach, Priv. Corp. § 229. The principle upon which such limitation rests is peculiarly applicable here.

It must be held, therefore, that the agreement of April 6, 1887, is *ultra vires*, and that the alleged breaches thereof do not invalidate or affect the judgment against Magoon

which the defendants, by their undertaking, became liable to pay. It follows that the counterclaim is insufficient, and that the demurrer to the reply thereto was properly overruled for that reason, if for no other.

The foregoing views are decisive of the case, and render it unnecessary to consider other points raised and argued by counsel.

*By the Court.*— The order overruling the demurrer is affirmed.